IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIMOTHY SMITH | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1458 |
| | : | |
| PHILADELPHIA WORKS INC | : | |

## MEMORANDUM

**Chief Judge Juan R. Sánchez**                                      **October 31, 2022**

Plaintiff Timothy Smith brings this employment discrimination action against Defendant Philadelphia Works, Inc., alleging multiple failures to promote in violation of 42 U.S.C. § 1981. Because Smith fails to plausibly allege he applied for and was qualified for the promotions that went to others on the basis of race, the Complaint will be dismissed with leave to amend.

**FACTS**

Plaintiff Timothy Smith, a 64-year-old African American man, has worked for Defendant Philadelphia Works, Inc. ("PWI"), or its prior iterations, since 1999.[1] Compl. ¶¶ 3, 7. He alleges six instances of discrimination perpetrated by PWI.[2] First, PWI promoted Patricia Blumenauer, a white woman, to the role of Director of Workforce Systems in May 2019, and again in December 2019 to Vice President, Operations. *Id.* ¶ 23(a). Smith alleges he was qualified for both of these positions, but PWI failed to post the job openings. *Id.* Second, he alleges the following four hirings

---

[1] From 1999 to 2012, Smith worked for the Business Engagement Team of the Philadelphia Workforce Development Corporation (PWDC). Compl. ¶ 7. In 2012, PWDC merged with the Philadelphia Workforce Investment Board and became PWI. *Id.* ¶ 12.

[2] The Complaint also includes a number of other time-barred allegations, focusing on events that occurred as far back as 2012. *See, e.g.*, Compl. ¶ 11. As Smith himself admits, the statute of limitations under § 1981 is four years. Pl. Mem. Opp. Def.'s Mot. Dismiss 2, ECF No. 10-2 (citing *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 383 (2004)). Therefore, any allegations of discrete acts occurring before April 14, 2018—four years before Smith filed this suit—are statutorily barred and not addressed by this Court.

or promotions violated 42 U.S.C. § 1981: (1) the hiring of Dawn Thomas, a Black woman, to the role of Manager of Outreach & Communications in February 2019, and her promotion to Director, Communications & Outreach in January 2022; (2) the hiring of Kataney Couamin, a Black woman, as Manager, Integrated Systems in September 2019, her promotion to Manager, Adult Workforce Systems in July 2021, and her promotion to Director, Workforce Systems in October 2021; (3) the hiring of Jamie Jelly, a white woman, as Manager, Data Performance in January 2020, and her promotion to Director, Research & Data in August 2021; and (4) the hiring of Rebecca Ambrose, a white woman, as Director, Training & Apprenticeship in January 2022. *Id.* ¶¶ 23(b)-(e). Smith contends he was qualified for each of these roles, and that PWI's failure to select him was "part of its pattern and practice of discriminating against [him]." *Id.*

Finally, Smith alleges he was discriminated against in conjunction with his interest in being promoted to the role of Director, Employer Services in January 2020. *Id.* ¶ 24. In response to an inquiry by Smith, PWI informed him he had to complete a "Technical and Developmental Plan" for promotion, and would be considered for the role of Senior Manager rather than Director. *Id.* ¶¶ 24(a)-(b). Smith refused to complete this Plan, believing that he should be promoted to Director based on his experience. *Id.* ¶ 24(b).

On April 14, 2022, Smith filed a Complaint in this Court against PWI alleging employment discrimination in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981. PWI now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing the Complaint fails to plausibly plead a violation of § 1981. Smith has also filed a charge with the Equal Employment Opportunity Commission ("EEOC") against PWI alleging sex and age discrimination. Compl. ¶ 7 n.1. He plans to amend his Complaint to add those claims upon receipt of a Right to Sue letter from the EEOC. *Id*

**STANDARD OF REVIEW**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Smith has failed to plausibly allege a prima facie case of discriminatory failure to promote. Two of his six claims are not race-based, and are thus not actionable under § 1981. The other four claims fail because the Complaint does not include sufficient facts as to his application and qualification for the roles for which he was passed over. Because the Complaint fails to state a claim for discrimination that is plausible on its face, PWI's Motion to Dismiss will be granted.

Two of the instances of alleged discrimination against Smith involved PWI hiring a younger Black female instead of Smith himself, a Black male in his sixties. Compl. ¶¶ 23(b)-(c). Claims of sex and age discrimination are not cognizable under § 1981, the only cause of action in this Complaint. *Anjelino v. N.Y. Times Co.*, 200 F.3d 73, 78 (3d Cir. 1999). Further, Smith has not

exhausted the administrative remedies required of these Title VII claims by receiving a Right to Sue letter from the EEOC. *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001) (highlighting the federal policy of resolving claims "though cooperation and voluntary compliance in an informal, noncoercive manner"). As "the receipt of such letter is speculative at this point," it is premature to allege any facts regarding sex and age discrimination, given that they are not relevant to any claim under § 1981. *Anderson v. Norfolk S. Ry. Co.*, Civ. No. 18-190, 2019 WL 13093780, at *2 (W.D. Pa. Aug. 6, 2019).

Smith argues he is not advancing any sex or age discrimination claims, but merely a "pattern and practice of age, race, and sex discrimination against him in connection with promotions." Pl. Mem. Opp. Def.'s Mot. Dismiss 3, ECF No. 10-2. While the Third Circuit has not addressed whether individual plaintiffs may raise "pattern and practice" claims under § 1981 or Title VII, every circuit to consider the issue has answered in the negative, only allowing these types of suits in the class action context. *Roberson v. Post Comm. Real Estate LLC*, Civ. No. 13-6730, 2015 WL 2118158, at *3 (E.D. Pa. May 1, 2015) (collecting cases). Additionally, pattern and practice claims must be established through the theory of continuing violations. *Youssef v. Anvil Int'l*, 595 F. Supp. 2d 547, 560 (E.D. Pa. 2009). That doctrine, however, "only applies when the alleged discriminatory acts are not individually actionable." *McCann v. Astrue*, 293 F. App'x 848, 850 (3d Cir. 2008). The Supreme Court has expressly defined failure to promote as a discrete act. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Therefore, Smith's contention that the allegations of age and sex discrimination cannot be dismissed because they support a wider pattern and practice of discriminatory failure to promote is meritless. *See* Pl. Mem.

Opp. Def.'s Mot. Dismiss 3, ECF No. 10-2.[3] Because the claims have not been administratively exhausted and are not relevant to any claim under § 1981, the allegations in the Complaint related to the positions that went to Thomas and Couamin, both Black women, will be dismissed. Compl. ¶¶ 23(b)-(c).

The Court next evaluates whether the remaining four allegations of failure to promote support a prima facie claim of employment discrimination in violation of § 1981. The standard for a § 1981 analysis is identical to that of Title VII, so these claims are analyzed under the familiar *McDonnell Douglas* framework. *Pamintuan v. Nanticoke Mem. Hosp.*, 192 F.3d 378, 385 (3d Cir. 1999) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). In order to prove a prima facie claim of discrimination, a plaintiff must show he: "(1) belongs to a protected category; (2) applied for and was qualified for a job in an available position; (3) was rejected; and (4) after rejection, the position stayed open and the employer continued to seek applications from similarly qualified individuals." *Bray v. Marriott Hotels*, 110 F.3d 986, 990, 990 n.5 (3d Cir. 1997) (noting the flexibility of the *McDonnell Douglas* test and applying it where a position did not remain open but instead was filled when someone else was chosen over the plaintiff). The dispute here centers on the second factor: whether the Complaint plausibly alleges Smith applied for and was qualified for the positions which he claims went to other people on the basis of race.

To "apply" for a position, a plaintiff must make "every reasonable attempt to convey his interest in the job to the employer." *E.E.O.C. v. Metal Serv. Co.*, 892 F.2d 341, 348 (3d Cir. 1990). Of course, a plaintiff cannot be penalized for failing to apply for roles he did not know were

---

[3] Smith may anticipate including the time-barred allegations described in Note 2, *supra*, in his pattern and practice claim, as the continuing violations doctrine may be used to salvage acts that occurred beyond the statute of limitations. *See Morgan*, 536 U.S. at 114. However, because failures to promote are discrete events not subject to the continuing violations doctrine, these statutorily barred allegations remain no longer actionable.

5

available. *See id.* While recognizing this necessary latitude, however, the Third Circuit still requires at minimum, an informal expression of a generalized interest in the promotion. *Id.* For example, in *Kovoor v. School District of Philadelphia*, 211 F. Supp. 2d 614 (E.D. Pa. 2002), the Court found a plaintiff met the "application" requirement of a position that was never posted by alleging he had expressed interest in and applied for an identical position in the past. *Kovoor*, 211 F. Supp. 2d at 625.

There are no facts here suggesting Smith ever expressed any interest in the positions that went to Blumenauer, Jelly, and Ambrose. *See* Compl. ¶¶ 23(a), 23(d)-(e). While PWI allegedly failed to post or make known the availability of the jobs Blumenauer received, this does not absolve Smith of all responsibility in meeting the "application" prong of the *McDonnell Douglas* test. *Id.* ¶ 23(a); *Metal Serv.*, 892 F.3d at 348. In contrast to the plaintiff in *Kovoor*, Smith does not allege he ever expressed any of the required interest in the roles of Director of Workforce Systems or VP, Operation. Compl. ¶ 23(a). He had only publicly shown interest in one role during his tenure at PWI: Director of the Business Engagement Team in 2012. *Id.* ¶¶ 13-15. It cannot be said that this single expression of interest in one position is sufficient to constitute an "application" for the two promotions that Blumenauer received almost seven years later. *See Metal Serv.*, 892 F.2d at 348 (citing cases finding a valid prima facie claim where plaintiff expressed recent and repeated interest in a promotion).

The Complaint also fails to plausibly allege Smith expressed the required minimal level of interest for the Director, Employer Services role. *See id.* Smith concedes he did not complete the "Technical and Developmental Plan" PWI required for promotion. Compl. ¶ 24(b). A plaintiff who fails to participate in the employer's required process for promotion cannot be said to have expressed his interest in the role. *Murray v. Beverage Dist. Ctr.*, 533 F. App'x 98, 103 (3d Cir.

2013) ("Murray failed to manifest the ultimate indicium of conveying one's interest in an open position: completing the company's processes required for consideration."). Because the Complaint does not plausibly allege Smith applied for, or expressed the requisite interest in, the roles that went to others, it does not make out a prima facie claim for discrimination.

Even if Smith had met his burden on the "application" requirement, the Complaint would still fail to state a claim for which relief can be granted, as it does not allege sufficient facts about his qualifications as compared to other employees. As the Supreme Court recently noted, to prevail on a § 1981 claim, a plaintiff must plead that "but for race, [he] would not have suffered loss of his legally protected rights." *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020). Plausible "but for" causation therefore requires eliminating other differences besides race between applicants. *See id.* For example, Smith alleges Blumenauer is a white woman who received promotions over him due to her race. *See* Compl. ¶ 23(a). However, without any facts as to Blumenauer's qualifications for the roles, it is just as plausible that she received the promotions because she was more qualified than Smith for the jobs. *See Gilmore v. Macys Retail Holdings, Inc.*, 385 F. App'x 233, 237 (3d Cir. 2010) (finding a prima facie case of discrimination requires showing "the person who filled the desired position had equivalent or lesser qualifications"). Smith's conclusory statements that he was qualified for the roles does not plausibly allege that race, as opposed to qualifications, was the reason for PWI's employment decisions. *See* Compl. ¶ 23(a).

Smith's Complaint fails to plausibly allege a violation of § 1981. Any facts about sex or age discrimination must be dismissed because they are not actionable under the statute, and Smith has not yet administratively exhausted these claims through the EEOC's required process. As to the claims of race discrimination, Smith fails to allege required facts about his application and

qualification for the positions. PWI's Motion to Dismiss will be granted without prejudice. Smith may amend his Complaint to address the issues identified herein. The Court notes it may be advisable for Smith to wait until the EEOC issues a Right to Sue letter, so he can join his Title VII and ADEA claims herein.

An appropriate Order follows.


BY THE COURT:


<u>/s/ Juan R. Sánchez</u>
Juan R. Sánchez, C.J.